BENJAMIN B. WAGNER
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-0333-MCE |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| ELENA GUTIERREZ, AND CARL RAY WOODRUFF, AKA "RUSTY," | |
| Defendants. | |

I.   INTRODUCTION

   IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel, Justin L. Lee, Assistant United States Attorney, attorney for Plaintiff, and Todd Leras, attorney for Carl Ray Woodruff, that the Court should approve the proposed protective order governing discovery. The proposed protective order relates to the protection of identifying information relating to alleged minor victim in this case and relatives of both the defendant and the minor victim. The parties agree that the ability for defense counsel to advise his client adequately will be enhanced by the approval of this protective order.

1

## II.   PROTECTED IDENTIFYING INFORMATION

1. Portions of the discovery in this case are expected to contain personal information of the defendant, relatives of the defendant, and a minor who is alleged by the government to be a victim of kidnapping including names, addresses, relatives' names, birthdates, social security numbers, and telephone numbers (hereinafter "Protected Information").

2. In the absence of a protective order, redactions would be necessary to avoid the unauthorized disclosure or dissemination of Protected Information to individuals not party to the court proceedings in this matter.

3. By this stipulation, the parties jointly request that the Court issue a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

4. The Protective Order applies to all discovery containing Protected Information.  Discovery that does not contain Protected Information is not subject to the Protective Order.

5. Defense Counsel, defense counsel staff, and investigators: Discovery containing Protected Information may be shared, copied and viewed by members of the defense team listed above as necessary for the preparation of the defense in this case.  Discovery containing Protected Information shall not be disseminated to any other person except by further order of the Court.  The terms "staff" and "investigator" shall not be construed to describe any defendant or other person not: (1) regularly employed by counsel, or (2) licensed as an investigator, or (3) retained as an expert.

6. Defendant:  The defendant may review items containing unredacted Protected Information in the presence of defense counsel,

defense counsel staff, and investigator.  Those persons who have access to unredacted Protected Information shall not give a copy of the unredacted Protected Information to the defendant without further order of the Court.

    7. Others:  The defendant, defense counsel, defense counsel's staff, and investigator shall not: (a) give documents that contain Protected Information (or copies of such documents) to any person, or (b) otherwise transmit Protected Information to any person.  Copies of documents in which all Protected Information has been redacted may be given to other parties without further order of the Court.

    8. Court Filings: Parties will redact Protected Information from any Court filings and refrain from otherwise placing Protected Information in the public record.  If necessary to file Protected Information in Court filings, parties will either redact Protected Information from public filings or seek leave of the Court to file materials containing that information under seal, if redaction would frustrate the purposes of making the filing.

    9. Nothing in this stipulation will be construed to prevent defense counsel, counsel's staff, or investigator a reasonable opportunity to prepare.

                              Respectfully submitted,

Dated: January 6, 2015        /s/ Justin L. Lee
                                      JUSTIN L. LEE
                                      Assistant U.S. Attorney

Dated: January 6, 2015        /s/ Todd Leras
                                      TODD LERAS
                                      Attorney for Carl Ray Woodruff

**ORDER**

1. It is ordered that the parties comply with the protective measures outlined in Section II of their stipulation regarding Protected Information.

2. If any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated: January 6, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1.crim
Woodruff0333.stipo.proto.